IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17-CR-45 |
| vs. | |
| DARNELL POLITE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion to suppress (filing 14), the Magistrate Judge's Findings and Recommendation (filing 49) that the motion be denied, and the defendant's objection (filing 50) to the findings and recommendation. The Court will overrule the objection, adopt the findings and recommendation, and deny the motion to suppress.

The Court has conducted a de novo review of the motion to suppress pursuant to 28 U.S.C. § 636(b)(1), but need not recapitulate the Magistrate Judge's detailed recitation of the evidence. *See* filing 49. The defendant's objection to the findings and recommendation is narrowly focused on two issues: when the defendant was seized, and whether Officer Sundermeier's testimony is credible. *See* filing 50.

The defendant's first contention is that the defendant was seized by police when they approached in their vehicle and activated their red-and-blue emergency lights. Filing 50 at 1. The Court finds no merit to that argument: there was nothing to support a demonstration of authority, such as display of a weapon or verbal commands. *See United States v. Hayden,* 759 F.3d 842, 846-47 (8th Cir. 2014); *see also United States v. Cook,* 842 F.3d 597, 600-01 (8th Cir. 2016); *United States v. Mabery,* 686 F.3d 591, 597 (8th Cir. 2012);

*United States v. Barry*, 394 F.3d 1070, 1075 (8th Cir. 2005); *United States v. Dockter*, 58 F.3d 1284, 1287 (8th Cir. 1995).

The balance of the defendant's objection questions Officer Sundermeier's credibility. Filing 50 at 2-10. The Court has reviewed the record, however, and is unpersuaded by the defendant's arguments. It does not, for instance, strike the Court as inherently incredible that an officer might remember some facts about a previous encounter with a person, but not the person's name. Nor does it strike the Court as inherently incredible that a firearm dropped on the ground might make a sound, even if it landed on grass that could charitably be described as "patchy."[1] *See* exhibit 8. And the Court is not convinced that Officer Sundermeier's disagreement with his partner about who had been driving, on a night 11 months before the evidentiary hearing, is particularly meaningful.

It is also not clear to the Court precisely why all those facts matter. The defendant does not seem to deny that he was spotted next to an abandoned firearm, or the likelihood that the firearm was recently abandoned. Perhaps there are other explanations for that, as the defendant contends. Filing 50 at 8. But that simply questions whether the government can prove the defendant's possession of the weapon beyond a reasonable doubt. And arresting officers are not required to witness actual criminal activity or have collected enough evidence so as to justify a conviction for there to be a legitimate finding of probable cause to justify a warrantless arrest. *United States v. Winarske*, 715 F.3d 1063, 1067 (8th Cir. 2013).

Instead, the mere probability or substantial chance of criminal activity, rather than an actual showing of criminal activity, is all that is required. *Id.*

---

[1] And the weapon was on the very edge of the grass, leaving open the possibility that it initially landed on the sidewalk. *See* exhibit 8.

Here, the defendant's furtive behavior, under the circumstances, provided reasonable suspicion to initially detain him. *See United States v. Dupree,* 202 F.3d 1046, 1049 (8th Cir. 2000); *United States v. Atlas,* 94 F.3d 447, 450-51 (8th Cir. 1996); *see also Sibron v. New York,* 392 U.S. 40, 66-67 (1968). And his proximity to the weapon, given the circumstances, provided probable cause for his arrest. *See United States v. Johnson,* 528 F.3d 575, 580 (8th Cir. 2008); *see also United States v. Randolph,* 628 F.3d 1022, 1025 (8th Cir. 2011); *United States v. Quiroga,* 554 F.3d 1150, 1154 (8th Cir. 2009); *United States v. Dawdy,* 46 F.3d 1427, 1430 (8th Cir. 1995). Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 50) is overruled.

2. The Magistrate Judge's Findings and Recommendation (filing 49) are adopted.

3. The defendant's motion to suppress (filing 14) is denied.

4. This matter is referred to the Magistrate Judge for case progression.

Dated this 19th day of October, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge